UNITED STATES of America, Plaintiff—Appellee,

v.

**Mujeebullah Mujahid KHAN, Defendant—Appellant.**

No. 06–10043.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed April 3, 2007.

Amended July 25, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shawna Yen, Esq., Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Norton Tooby, Esq., Oakland, CA, for Defendant–Appellant.

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

### AMENDED MEMORANDUM**

Eight years after pleading guilty to aiding and abetting bank fraud, Mujeebullah Mujahid Khan ("Appellant"), a lawful permanent resident, filed a petition for writ of *coram nobis* asking the district court to vacate his conviction, which renders him inadmissible for reentry into the United States and deportable therefrom. The district court denied Appellant's petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Appellant contends the district court erred in denying his petition because his trial defense counsel rendered ineffective assistance by: (1) misrepresenting to Appellant that nothing could be done to avoid the adverse immigration consequences of pleading guilty to 18 U.S.C. § 1344; (2) failing to negotiate a plea to a non-deportable offense; and (3) failing to argue the immigration consequences of Appellant's conviction at sentencing to obtain a finding

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of loss under $10,000. To make out a claim for ineffective assistance of counsel, Appellant must establish: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficiency in his counsel's performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 691–2, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Appellant failed to establish either *Strickland* prong. The record establishes that trial defense counsel correctly advised Appellant of the immigration consequences of Appellant's guilty plea. A plea to 18 U.S.C. § 1005—the only alternate offense identified by the Appellant—would also have rendered Appellant inadmissible for reentry and deportable. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1227(a)(2)(A)(i). As a crime involving moral turpitude, Appellant's conviction under 18 U.S.C. § 1344 rendered him inadmissible for reentry and deportable notwithstanding whether the district court's finding of loss exceeded $10,000. *Id.*

Although a finding of loss under $10,000 would have made Appellant eligible for a discretionary waiver from deportation, Appellant admits his trial defense counsel argued against a finding of any loss. *See I.N.S. v. St. Cyr,* 533 U.S. 289, 294–95, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Moreover, Appellant did not raise § 212(c) in his opening brief. *See Officers for Justice v. Civil Service Comm'n of City and County of San Francisco,* 979 F.2d 721, 726 (9th Cir.1992) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (quoting *Int'l Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985)

(internal quotation marks omitted; alteration in original)).

**AFFIRMED.**

### ORDER

The memorandum disposition, filed April 3, 2007, 2007 WL 1040354, is hereby vacated. The attached amended memorandum disposition is filed concurrently with this order.

With the filing of the amended memorandum disposition, the Appellant's petition for panel rehearing is denied. No further petitions for panel rehearing will be entertained